ANNA MARIA MALDONADO, APPELLANT, v. G. THOMAS RITI, IN HIS CAPACITY AS DIRECTOR OF THE NEW JERSEY DIVISION OF PUBLIC WELFARE, AND NEW JERSEY DEPARTMENT OF HUMAN SERVICES, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted December 18, 1978—Decided January 16, 1979.

Before Judges Conford, Pressler and King.

*Messrs. Joel M. Solow* and *Bernard Paul Sypniewski* attorneys for appellant (Cape Atlantic Legal Services).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for respondents (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Jeffrey W. Jones,* Deputy Attorney General, on the brief).

Per Curiam. The question presented here is whether the determination of the Supreme Court in *Pascucci v. Vagott,* 71 *N. J.* 40 (1976), invalidating the distinction between "employable" and "unemployable" persons for purposes of the respective levels of financial assistance available under the so-called "general assistance" program, as previously formulated by a regulation of the Division of Public Welfare in the Department of Institutions and Agencies (now Department of Human Services), is applicable for the months of June, July and August 1977.

Appellant Anna Maria Maldonado had been receiving general assistance benefits from the City of Wildwood at $119 per month for the months of June and July 1977 and $39 (1/3 of $119) for the period of August 1 to August 9, 1977. It is apparent that she was receiving this sum rather than $178 per month, the amount fixed by the regulations for "unemployable persons," because she was seeking work at the time of her application in June 1977. Appellant filed a request for a fair hearing before the local Department of Welfare. This was denied, and appellant sought an administrative review of this decision at the state level. Accordingly, a state hearing officer heard the matter and recommended affirmance of the local denial of relief. That recommendation was adopted by respondent Riti, Director of the Division of Public Welfare. From that determination appeal was taken to this court.

In the Supreme Court opinion in *Pascucci* the hope was expressed that either administrative or legislative action would be forthcoming to correct or resolve what the court had found to be an untenable distinction between employables and unemployables in the light of the statutory purposes reflected in the pertinent legislation, *N. J. S. A.* 44:8–107 *et seq.*, particularly *N. J. S. A.* 44:8–108. 71 *N. J.* at 50. Accordingly, the court, while granting relief to the plaintiffs in the case before it, declared that as to all others similarly situated its ruling was "prospective in nature and will be effective not earlier than 60 days from the date of filing of this opinion — this to accommodate and give time for solution of legislative, executive or administrative problems which may arise from the effect hereof on the regulation." 71 *N. J.* at 50–51.

The Legislature did act on the problem, but slowly. An amendment of the statute was adopted containing an express affirmation of the legitimacy of the distinction between employables and unemployables and declaring the power of the administrative agency to provide for different levels of general assistance in those categories. *L.* 1977, *c.* 286. That statute, however, was not approved until November 30, 1977. The question before us, therefore, is simply whether the Supreme Court contemplated that, in the absence of appropriate changes in legislation or regulations, so-called employables were entitled to equal assistance at least by June, July and August 1977. We conclude that this appellant is so entitled.

It is to be noted that subsequent to the rendition of the *Pascucci* decision by the Supreme Court the court entered an order in the *Pascucci* matter denying a motion by the individual appellants in that case to extend the relief granted therein to the entire class of similarly situated general assistance recipients, but "without prejudice to the filing of an application for such relief in the appropriate trial court." In our judgment the Supreme Court did not intend to permit the continuance of a hiatus of indefinite

duration without relief of the class of recipients discriminated against by the regulations. The court's decision in *Pascucci* was rendered June 25, 1976. Consequently, the months for which allowances at the higher levels are sought here are 11, 12 and 13 months, respectively, after decision in the *Pascucci* case. We conclude that by that time the present appellant should have been afforded payment by the agencies involved of the nondiscriminatory level of $179 per month. We therefore direct that she be paid the difference between the payments received and the higher level for the months of June and July 1977 and *pro rata* for the period from August 1 to August 9, 1977. Any other claimants for similar treatment will, of course, be required to have instituted timely petitions for administrative review within the agencies before being entitled to relief.

The order of the Division of Public Welfare is reversed and the Division is ordered to make payment to the appellant as ordered above.